**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONTE CANNON,** | : | |
| *Petitioner* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT GARMAN** *et al.,* | : | **No. 19-09** |
| *Respondents* | : | |

## MEMORANDUM

PRATTER, J.                                                                                         APRIL 26, 2022

Donte Cannon seeks reconsideration of this Court's opinion adopting Magistrate Judge David R. Strawbridge's Report and Recommendation to deny habeas relief for his conviction for second-degree murder in state court.[1] Mr. Cannon focuses on one of his procedurally defaulted grounds—the purported failure of trial counsel to request a "corrupt source" instruction. He argues that this Court committed an error of law in observing that an aspect of his argument was "as a matter of strategy, debatable at best" and finding that no certificate of appealability should issue. But Mr. Cannon misreads the Court's opinion and the Court did not overlook the relevant legal principles. The Court denies his motion for reconsideration.

### BACKGROUND

#### A. Factual History

Mr. Cannon was initially prosecuted along with two other people for the death of Philippe Koukoui: Shandee Stewart and Aaron McCallum. Mr. Cannon, Mr. McCallum, and Ms. Stewart discussed robbing Mr. Koukoui at Ms. Stewart's house. Ms. Stewart called Mr. Koukoui to come

---

[1] Mr. Cannon filed his brief as a "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. Rule 59(e)." Doc. No. 53. However, this rule applies to motions to amend the judgment entered after a trial, not to decisions rendered on habeas petitions. Because Mr. Cannon proceeds *pro se*, the Court will construe his motion as a motion for reconsideration under Rule 60.

to her house.  Once Mr. Koukoui left the house, Ms. Stewart saw Mr. Cannon and Mr. McCallum

follow him and then heard gunshots.  Mr. Koukoui died on the scene.

Mr. Cannon confessed to police that he had participated in the robbery.  Ms. Stewart pled

guilty to two counts of robbery and conspiracy, and the prosecutor *nolle prossed* the murder charge

against her.  As a condition of Ms. Stewart's plea deal, she was required to testify at Mr. Cannon

and Mr. McCallum's trial.  At trial, she testified that she had been involved in the robbery plan

and that she had heard gunshots after Mr. Cannon and Mr. McCallum pursued Mr. Koukoui.

Mr. Cannon's theory of defense was that he was innocent because he was in a nearby house

during the robbery.  Both Mr. Cannon and Mr. McCallum were convicted of second-degree

murder, criminal conspiracy, two counts of robbery, and related firearms crimes.  Both were

sentenced to life without the possibility of parole.

### B.  Corrupt Source Instruction

Mr. Cannon's motion for reconsideration focuses on the Court's discussion of one of his

six grounds asserted for habeas relief.  In his amended habeas petition, Mr. Cannon asserted that

his trial counsel was ineffective for failing to seek a "corrupt source instruction" for Ms. Stewart's

testimony.  Mr. Cannon did not raise this ground in either his direct appeal or his collateral appeal

under the Pennsylvania Post Conviction Relief Act.

In relevant part, the Court analyzed the "corrupt source instruction" claim as follows:

> Even if it was not procedurally defaulted, this claim would fail on the merits.
> A corrupt source instruction is one given in a case "in which an accomplice
> implicates the defendant," so the court "instruct[s] the jury that the accomplice is a
> corrupt and polluted source whose testimony should be considered with caution."
> *Commonwealth v. Williams*, 732 A.2d 1167, 1181 (Pa. 1999).  Mr. Cannon argues
> that his counsel should have requested such an accomplice instruction related to
> Ms. Stewart's testimony.
> But the Pennsylvania Supreme Court has held that trial counsel is not
> ineffective in deciding not to seek such an instruction where the defendant is
> asserting an innocence theory because the corrupt source accomplice-based

instruction would contradict this defense. *Commonwealth v. Karabin*, 426 A.2d
91, 93 (1981). Here, Mr. Cannon's defense was that he was not involved in the
shooting and was instead inside a nearby house. He continues to assert this defense
on an actual innocence theory to overcome his procedural default. "To request the
accomplice instruction could derogate that defense" because "the necessary
implication would be that [the defendant] participated in the criminal activity of
which he claims to be innocent." *Id.*
. . .
Even if trial counsel should have requested the instruction (which, as a matter of
strategy, is debatable at most), trial counsel examined Ms. Stewart's motives and
her plea agreement extensively in cross-examination, and the court instructed the
jury on assessing witness credibility. Mar. 22, 2012 Trial Tr. at 195:2–196:7; Mar.
28, 2012 Trial Tr. at 19:16–23:22. Therefore, Mr. Cannon's claim based on a
"corrupt source" instruction would fail on the merits, even if it was not procedurally
defaulted.

Mar. 29, 2022 Op., at 13–14, Doc. No. 50. The Court denied the habeas petition in its entirety and

found that a certificate of appealability should not issue "[b]ecause reasonable jurists would not

'find it debatable' that each of Mr. Cannon's claims lack merit." *Id.* at 16 (quoting *Slack v.

McDaniel*, 529 U.S. 473, 478 (2000)).

## LEGAL STANDARDS

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or

to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)

(quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for

reconsideration must rely on either "(1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct clear error of law or prevent manifest

injustice." *Id.*

## DISCUSSION

In his motion for reconsideration, Mr. Cannon points to the Court's use of the word

"debatable" to discuss his proposed trial strategy, asserting that because something in the case was

"debatable," the Court should have issued a certificate of appealability. But Mr. Cannon

3

misunderstands the Court's use of the word "debatable," fails to address the lack of prejudice demonstrated for his ineffective assistance of counsel claim, and ignores his procedural default.

First, "debatable" is not a magic word that triggers a certificate of appealability regardless of context. The Court used the word "debatable" with regard to Mr. Cannon's proposed alternate "strategy" at trial, not his claim's constitutional merits or the Court's analysis thereof. The Court observed that it would be strategically questionable for trial counsel to pursue a corrupt source instruction while promoting an innocence defense, noting that the wisdom of Mr. Cannon's *post hoc* proposal about what trial counsel should have done, "as a matter of strategy, is debatable at most." Op. at 14. This is because a corrupt source instruction based on the premise that Ms. Stewart was an accomplice *with Mr. Cannon* would contradict his theory of innocence. *Commonwealth v. Karabin*, 426 A.2d 91, 93 (1981). Where a strategic choice is debatable and the unpursued defense strategy would be blatantly inconsistent with the chosen (and plausible) defense strategy, the petitioner has not established a constitutional claim of ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 681 (1984). Mr. Cannon's constitutional claim based on ineffective assistance of counsel is undisputedly meritless.

Second, the Court found that, even if Mr. Cannon had established that trial counsel was ineffective in not requesting a corrupt-source instruction, he failed to show prejudice from counsel's supposed deficiency. In raising an ineffective assistance of counsel claim, a petitioner must "affirmatively prove prejudice" from the alleged deficiency. *Id.* at 693. Mr. Cannon has not done so. As the Court explained in its opinion, "trial counsel examined Ms. Stewart's motives and her plea agreement extensively in cross-examination, and the court instructed the jury on assessing witness credibility." Op. at 14. Therefore, Mr. Cannon failed to establish the prejudice required to succeed on an ineffective assistance of counsel claim.

Third, Mr. Cannon's claim based on the corrupt-source instruction was procedurally defaulted. Mr. Cannon did not raise this ground on either direct or collateral appeal. Mr. Cannon did not meet the requirements to overcome this default by showing either actual innocence or ineffective assistance of appellate counsel. Mr. Cannon cites to *Martinez v. Ryan*, 566 U.S. 1 (2012), to argue that "[t]he standard to proceed on a defaulted claim of PCRA Counsel's ineffectiveness is to show that the claim has 'at least some merit' which constitutes a substantial issue." Doc. No. 53, at 7. But, as explained above, the Court did not find that Mr. Cannon's constitutional claim had any merit. Therefore, Mr. Cannon has defaulted this claim by failing to present it for state court review. Because he would now be time-barred from raising this claim, this Court cannot grant him relief on this basis. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).[2]

Mr. Cannon alternatively cites *Gonzalez v. Thaler*, 565 U.S. 134 (2012), to argue that a certificate of appealability should still issue. There, the Supreme Court explained the grounds for certificates of appealability as follows:

> When, as here, the district court denies relief on procedural grounds, the petitioner seeking a [certificate of appealability] must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Id.* at 140–41 (quoting *Slack*, 529 U.S. at 484).

Mr. Cannon has not met either showing. Therefore, the Court properly denied Mr. Cannon a certificate of appealability on the procedural default as well.

---

[2] Mr. Cannon also asks the Court to reconsider "the remainder of his raised claims" without specifying additional grounds. The Court finds no basis for additional analysis.

CONCLUSION

The Court denies Mr. Cannon's motion for reconsideration.  An appropriate order follows.


BY THE COURT:


GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE