IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE CANNON, *Petitioner* | : : : | CIVIL ACTION |
| v. | : : | |
| SUPERINTENDENT GARMAN *et al.*, *Respondents* | : : | No. 19-09 |

## MEMORANDUM

PRATTER, J.                                                                 DECEMBER 18, 2023

Donte Cannon first filed his petition for a writ of habeas corpus under section 2254 in this Court almost five years ago to the day. Since that time, a magistrate judge recommended that Mr. Cannon's petition be denied and dismissed for reasons fully laid out in over 30 pages of analysis. This Court adopted that recommendation, providing its own rationale in an opinion. Mr. Cannon then filed both an appeal of this Court's Order and a motion for reconsideration, largely focusing on the purported failure of his trial counsel to request a "corrupt source instruction." Both Mr. Cannon's appeal and motion for reconsideration were denied, with this Court providing additional analysis to support largely the same conclusion in denying the motion for reconsideration. Mr. Cannon now takes another shot, filing a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b)(6) that again focuses on the "corrupt source instruction." Mr. Cannon's motion under Rule 60(b) is nothing more than another attempt to have this Court reconsider the denial of Mr. Cannon's habeas petition and serves as a successive habeas petition. Mr. Cannon has not shown any extraordinary circumstances justifying the reopening of the final judgment in this case even if his motion were treated as a true Rule 60(b) motion. Thus, Mr. Cannon's motion under Rule 60(b) is denied.

1

## BACKGROUND

### I. Factual History

Mr. Cannon was prosecuted with Shandree Stewart and Aaron McCallum for the death of Philippe Koukoui. They had discussed robbing Mr. Koukoui, who came to Ms. Stewart's house at her request. Mr. Koukoui arrived at her house, and upon leaving, Ms. Stewart saw Mr. Cannon and Mr. McCallum follow him. Ms. Stewart heard gunshots, and Mr. Koukoui died on the scene.

Mr. Cannon confessed to police that he had participated in the robbery. Ms. Stewart pled guilty to two counts of robbery and conspiracy, and as a condition of her plea deal, Ms. Stewart was required to testify at Mr. Cannon's and Mr. McCallum's trial. There, she testified that she was involved in the robbery plan and that she heard gunshots after Mr. Cannon and Mr. McCallum pursued Mr. Koukoui.

### II. Corrupt Source Instruction

Mr. Cannon's previous motion for reconsideration focused on the Court's discussion of the "corrupt source instruction." Mr. Cannon asserted that his trial counsel was ineffective for not seeking such an instruction for Ms. Stewart's testimony. Mr. Cannon's present motion under Rule 60(b) again focuses on the same "corrupt source instruction." As previously explained in its opinion denying Mr. Cannon's Motion for Reconsideration, the Court analyzed the "corrupt source instruction" claim as follows:

> Even if it was not procedurally defaulted, this claim would fail on the merits. A corrupt source instruction is one given in a case "in which an accomplice implicates the defendant," so the court "instruct[s] the jury that the accomplice is a corrupt and polluted source whose testimony should be considered with caution." *Commonwealth v. Williams*, 732 A.2d 1167, 1181 (Pa. 1999). Mr. Cannon argues that his counsel should have requested such an accomplice instruction related to Ms. Stewart's testimony.
> 
> But the Pennsylvania Supreme Court has held that trial counsel is not ineffective in deciding not to seek such an instruction where the defendant is asserting an innocence theory because the corrupt source accomplice-based instruction would contradict this defense. *Commonwealth v. Karabin*, 426 A.2d 91,

2

> 93 (1981). Here, Mr. Cannon's defense was that he was not involved in the shooting and was instead inside a nearby house. He continues to assert this defense on an actual innocence theory to overcome his procedural default. "To request the accomplice instruction could derogate that defense" because "the necessary implication would be that [the defendant] participated in the criminal activity of which he claims to be innocent." *Id.*
>
> . . .
>
> Even if trial counsel should have requested the instruction (which, as a matter of strategy, is debatable at most), trial counsel examined Ms. Stewart's motives and her plea agreement extensively in cross-examination, and the court instructed the jury on assessing witness credibility. Mar. 22, 2012 Trial Tr. at 195:2–196:7; Mar. 28, 2012 Trial Tr. at 19:16–23:22. Therefore, Mr. Cannon's claim based on a "corrupt source" instruction would fail on the merits, even if it was not procedurally defaulted.

Mar. 29, 2022 Op., at 13–14, Doc. No. 50. The Court denied Mr. Cannon's habeas petition in its entirety and found that a certificate of appealability should not issue "[b]ecause reasonable jurists would not 'find it debatable' that each of Mr. Cannon's claims lack merit." *Id.* at 16 (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Mr. Cannon appealed anyway, and the Court of Appeals for the Third Circuit denied that appeal. Mr. Cannon also filed a motion for reconsideration, which this Court denied, in part, because "Mr. Cannon's constitutional claim based on ineffective assistance of counsel is undisputedly meritless." Apr. 26, 2022 Op., at 4, Doc. No. 58. Nevertheless, Mr. Cannon filed the present motion for relief from judgment under Rule 60(b)(6), rephrasing his argument and "attacking the integrity of the Court's legal analysis" regarding the corrupt source instruction.

## LEGAL STANDARD

A "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for multiple reasons. Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (internal quotation omitted). A motion

under Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [considering] prejudice to other parties." *Devon v. Vaughn*, No. 94-cv-2534, 1995 WL 295431, at *2 (E.D. Pa. Apr. 27, 1995) (quoting *Kagan v. Caterpillar Tractor*, 795 F.2d 601, 610 (7th Cir. 1986)). "Generally, Rule 60(b)(6) motions are untimely if filed more than one year after final judgment, absent 'extraordinary circumstances' excusing the movant's delay." *Montanez v. Kauffman*, No. 19-2970, 2023 WL 4108831, at *2 (E.D. Pa. June 21, 2023) (citing *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987)).

## DISCUSSION

At the outset, the Court finds that Mr. Cannon's motion under Rule 60(b) is timely. Although Mr. Cannon could have raised these arguments related to the "corrupt source instruction" earlier, and indeed *did* raise them in his prior motion for reconsideration and appeal, Mr. Cannon certified the present motion on September 5, 2023, less than one year after the Court of the Appeals for the Third Circuit denied Mr. Cannon's appeal. Although the argument that Mr. Cannon makes in his purported motion under Rule 60(b) is the same as that available to him when he first appealed over one year ago, because Mr. Cannon certified his motion under Rule 60(b) less than a year from the appellate court's decision, the Court will consider the present motion as timely.

### I. Mr. Cannon's Motion as a Successive Habeas Petition

Any claim in a second or successive habeas petition that has already been adjudicated in a previous petition must be dismissed. *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005); 28 U.S.C. § 2244(b)(1). In other words, "[m]otions under Rule 60 that present a new claim for relief and motions that attack 'the federal court's previous resolution of the claim *on the merits*' are considered successive petitions." *Montanez*, 2023 WL 4108831, at *2 (quoting *Gonzalez*, 545 U.S.

4

at 531-32) (emphasis in original).; *accord Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Gonzalez*, 545 U.S. at 532. A motion under Rule 60(b) is not a successive habeas petition when it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas *proceedings*." *Id.* (emphasis added).

Here, Mr. Cannon admits that he is "attacking the integrity of the Court's legal analysis which justifiably deserves relief." Doc. No. 61, at 8. He argues again that the Court did not conduct the proper legal analysis pertaining to the "corrupt source instruction" because the Court did not cite "any cases that are analogous to this matter" and because the Court did "not contemplate situations where the defendant does not claim that he had absolutely no involvement in the crime." Doc. No. 61, at 9. But this Court engaged in lengthy analysis of Mr. Cannon's position, both in its original decision adopting the Report & Recommendation where the Court demonstrated how the cases to which Mr. Cannon cited were inapt, *see* Mar. 29, 2022 Op., at 13–14, Doc. No. 50, and when it denied his motion for reconsideration, *see* Apr. 26, 2022 Op., Doc. No. 58. In fact, even though the Court found that Mr. Cannon's "corrupt source instruction" argument was procedurally flawed, the Court nevertheless *still* analyzed Mr. Cannon's argument on the merits, holding that "[e]ven if trial counsel should have requested the instruction . . . , trial counsel examined Ms. Stewart's motives and her plea agreement extensively in cross-examination, and the court instructed the jury on assessing witness credibility." Mar. 29, 2022 Op., at 14, Doc. No. 50.

As such, this is one of those cases where "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Gonzalez*, 545 U.S. at 532. Mr. Cannon's motion under Rule 60(b) here again advances the same claim: that his trial counsel was ineffective

5

and should have sought a "corrupt source instruction." Mr. Cannon makes the same argument again by "attack[ing] the federal court's previous resolution of [the] claim *on the merits*." *Id.* (emphasis in original). Thus, the Court finds that Mr. Cannon's motion is in fact a second habeas petition. At a minimum, before Mr. Cannon could file a successive habeas petition, he was required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S. § 2244(b)(3)(A). Mr. Cannon did not move for such an order in the Court of Appeals for the Third Circuit. At a maximum, Mr. Cannon's motion under Rule 60(b) is "a second or successive habeas corpus application under section 2254 that was presented in a prior application" that must be dismissed at this time. *See* 28 U.S.C. § 2244(b)(1).

## II. Mr. Cannon's Motion as a "True" Motion Under Rule 60(b)

Even if Mr. Cannon's motion were a proper motion under Rule 60(b), it would fail on the merits. Mr. Cannon seeks relief under the "catch all" provision of Rule 60(b), arguing that he is entitled to relief from final judgment of this Court's order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But a movant seeking relief under Rule 60(b)(6) must show that "extraordinary circumstances" exist for a court to reopen the final judgment. *Gonzalez*, 545 U.S. at 535. The fact that Mr. Cannon disagrees with the Court's ultimate holding does not constitute an "extraordinary circumstance" to prevail on a motion under Rule 60(b)(6). *See Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014); *Gonzalez*, 545 U.S. at 535. Thus, even on the merits, Mr. Cannon's motion under Rule 60(b) is denied.

## III. A Certificate of Appealability Will Not Issue

Finally, the Court of Appeals may not take an appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1). This requirement likewise applies to the denial of a motion under Rule 60(b). *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 281 (3d Cir. 2021) (citing *Morris v. Horn*, 187 F.3d 333, 340-41 (3d Cir. 1999)). A certificate of appealability may issue where the

6

petitioner demonstrates a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner satisfies this requirement where he or she demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484 (2000).

For the same reasons stated above, and in the Court's prior decisions on this matter, jurists of reason would not find it debatable that this Court's ruling on the claims is debatable or wrong; thus, the Court will not issue a certificate of appealability here.

## CONCLUSION

Mr. Cannon first brought his petition for a writ of habeas corpus in January 2019. A magistrate judge, this Court, and the Court of Appeals for the Third Circuit have all considered and analyzed the various arguments that Mr. Cannon made. All have come to the same conclusion, and a purported motion under Rule 60(b)(6), whether as a successive habeas petition or proper motion under Rule 60(b)(6), does not change that analysis. For the foregoing reasons, Mr. Cannon's motion under Rule 60(b) is denied, and no certificate of appealability will issue.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE